**Jose Francisco Rodriguez ROCHA; Maria Angela Navarro Biviano, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–74125.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 23, 2009.[*]

Filed March 9, 2009.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jose Francisco Rodriguez Rocha, Riverside, CA, pro se.

Ada Elsie Bosque, Trial, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: KOZINSKI, Chief Judge, HAWKINS and GOULD, Circuit Judges.

### MEMORANDUM **

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' motion to reopen removal proceedings.

■ Respondent's motion for summary disposition is construed as a motion to dismiss in part and a motion for summary disposition in part. We lack jurisdiction to review the BIA's refusal to reopen removal proceedings *sua sponte. See Ekimian v. INS,* 303 F.3d 1153, 1159–60 (9th Cir. 2002). Accordingly, respondent's motion to dismiss in part is granted.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

■ An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioners have not contended that any established exceptions to these numerical and time limits apply, the BIA did not abuse its discretion in denying petitioners' third motion to reopen. *See Perez,* 516 F.3d at 773. Accordingly, respondent's motion for sum-

mary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**